IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM KEEFE, BRADLEY J. SCHMITZ,
MALIA LAPORTA, P.S., M.S., MICHAEL O'GRADY,
I.O., A.O., and M.O.,

                Plaintiffs,

  v.

SCOTT WALKER, BRAD SCHIMEL, MARQUETTE
COUNTY CHILD SUPPORT IV-D AGENCY,
PAM UNGER, BERNARD N. BULT,
JOSEPH R. KONRATH, CHAD HENDEE,
MARQUETTE COUNTY SHERIFF DEPARTMENTS,
JOANNE KLOPPENBURG, JOSEPH RUF III,
ALAN J. WHITE, SUSAN K. RAIMER, COLUMBIA
COUNTY CHILD SUPPORT IV-D AGENCY,
MARATHON COUNTY CHILD SUPPORT IV-D
AGENCY, SCOTT CORBETT,
TAMMY LEVIT-JONES, and TIMOTHY C. HENNEY,

                Defendants.

OPINION and ORDER

17-cv-177-jdp

---

      This case was filed originally by pro se plaintiffs William Keefe, Bradley Schmitz, Malia LaPorta, and Michael O'Grady, on behalf of themselves and their children. Plaintiffs alleged that they had been injured by various state of Wisconsin and county officials' enforcement of child- and spousal-support laws enacted under Title IV–D of the Social Security Act, 42 U.S.C. § 651, *et seq.* In a March 29, 2018 order, I dismissed plaintiffs' complaint because many of their claims were implausible or barred, and the few claims that might properly be brought in this court did not belong together in the same lawsuit. Dkt. 2. I gave plaintiffs a chance to clarify their claims and to explain whether they would like to bring their claims in separate lawsuits. *Id.* Only O'Grady responded, filing a motion for reconsideration on various aspects of the

March 29 order, Dkt. 4, and a proposed amended complaint naming only himself as a plaintiff, Dkt. 5.

In a July 10, 2018 order, I explained that O'Grady's response was problematic for two reasons. Dkt. 6. First, O'Grady could not speak for his fellow unrepresented plaintiffs. When multiple unrepresented plaintiffs file a case together, all of the plaintiffs must sign each paper the plaintiffs submit to the court. Fed. R. Civ. P. 11; *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). Because only O'Grady responded to the March 29 order, it was not clear whether the other plaintiffs wanted to continue pursuing their claims. Second, O'Grady was still subject to a filing bar imposed by the Court of Appeals for the Seventh Circuit that prohibited him from filing any documents in any case in this circuit until he paid off the filing fees he had accumulated from previous frivolous litigation. *See O'Grady v. Habeck*, No. 11-3881 (7th Cir. Apr. 24, 2012). In light of these two problems, I gave all plaintiffs a new deadline by which to respond to the March 29 order and I gave O'Grady a deadline to show that he had paid off his debts and was no longer subject to a filing bar.

O'Grady has responded, submitting evidence that he has paid off all of his filing fees and that the court of appeals vacated his filing bar on August 13, 2018. Dkt. 11-1. None of the other plaintiffs responded. Because plaintiffs Keefe, Schmitz, and LaPorta failed to file an amended complaint or otherwise respond to the March 29 order despite being given two opportunities to do so, I conclude that they have abandoned their claims. Therefore, I will dismiss them from this case for failure to prosecute it.

This leaves O'Grady's claims. On April 26, 2018, O'Grady submitted a proposed amended complaint raising a variety of infringements of his state and federal constitutional rights. Dkt. 5. O'Grady's claims arise from divorce, custody and support proceedings that were

initiated in Marathon County Circuit Court in 1997. O'Grady and his wife, who have four children together, were divorced in 1997. In 1998, Marathon County, as the real party in interest under Wis. Stat. § 767.075, brought a motion to increase O'Grady's child support obligation. The court granted the county's motion and set child support at a percentage of O'Grady's income, subject to a specified monthly minimum.

Since 1998, O'Grady has brought numerous legal challenges to his child support obligations. In state court, he moved to reduce his child support obligation, change custody placement, and adjust child support arrearages, among other things. *O'Grady v. O'Grady*, 721 N.W.2d 157, 2006 WL 2020931 (Wis. App. July 20, 2006); *O'Grady v. O'Grady*, 701 N.W.2d 653, 2005 WL 1283560 (Wis. App. June 1, 2005). In this court, he has filed multiple civil actions seeking damages and declaratory relief relating to the collection of child support, nearly all of which were dismissed for lack of subject matter jurisdiction or as frivolous. *O'Grady v. Carlson*, Case No. 12-cv-388-bbc, Dkt. 23 (W.D. Wis. Nov. 16, 2012) (dismissed as frivolous); *O'Grady v. Marathon Cty. Child Supp. Agency*, Case No. 02-cv-708-bbc, 2003 WL 23274562 (W.D. Wis. Jan. 6, 2003) (concluding that O'Grady was raising only state law claims); *O'Grady v. Marathon Cty. Child Supp. Agency*, Case No. 03-cv-700-bbc, 2003 WL 23142250 (W.D. Wis. Dec. 11, 2003) (holding that O'Grady's claims were barred by *Rooker-Feldman* doctrine). O'Grady has also filed several unsuccessful civil actions in federal district court in Minnesota relating to his divorce, custody, and child support obligations, all of which appear to have been dismissed for lack of subject matter jurisdiction. *O'Grady v. Anoka Cty. Bd. of Comm'rs*, No. CIV 07-3582 MJD/SRN, 2008 WL 1808261 (D. Minn. Apr. 21, 2008) (dismissed for lack of subject matter jurisdiction under *Rooker-Feldman* doctrine), aff'd, 333 F. App'x 147 (8th Cir. 2009); *O'Grady v. Marathon Cty. Child Supp. Agency*, 2006 WL 1715473, *2 (D. Minn. June

3

19, 2006) (same); *O'Grady v. Johnson*, 2006 WL 2403579, at *2 (D. Minn. Aug. 18, 2006) (dismissed for lack of personal and subject matter jurisdiction).

Through his proposed amended complaint, O'Grady is again attempting to challenge his child support obligations as ordered by state courts. O'Grady's entire pleading is based on state court decisions concerning his child support obligations or actions taken by state and county officials to enforce the state court orders. But as O'Grady is well aware, judicial review of state-court decisions is generally confined to the state appellate courts, with any subsequent federal review limited to the United States Supreme Court. 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283 (2005). With the exception of habeas corpus petitions, the federal district courts lack subject matter jurisdiction to review state-court rulings. *Exxon Mobil Corp.*, 544 U.S. at 283.

Under the *Rooker-Feldman* doctrine, litigants may not bring suit in federal district court "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. The *Rooker-Feldman* doctrine also prohibits lower federal courts from deciding matters "inextricably related to state court decisions." *EOR Energy LLC v. Illinois Envtl. Prot. Agency*, 913 F.3d 660, 664 (7th Cir. 2019) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983)). In this instance, it is readily apparent that all of the claims in O'Grady's proposed amended complaint seek "review and rejection" of various Wisconsin state-court decisions. As relief on his claims, O'Grady seeks a declaration that state and county officials had no authority to bring claims against him in state court and that the state court actions against him were unconstitutional. He also seeks vacatur of several state court orders and a return of money and

4

property seized pursuant to state court orders. A request that a federal district court set aside or void a state-court judgment "is a 'most straightforward presentment' of *Rooker–Feldman*." *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 528 (7th Cir. 2000).

O'Grady contends in his amended complaint that his claims are distinct from those he has raised in previous litigation and that they are not barred by *Rooker-Feldman* because he is challenging the constitutionality of how Wisconsin counties collect child support under Title IV–D of the Social Security Act, and not just how laws were applied to him. He argues that because Wisconsin's executive and judicial branches are involved in collecting child support, Wisconsin's program violates the federal and state doctrines of separation of powers. But this argument fails. The federal Constitution does not mandate the separation of powers at either the state or the local level. *Whalen v. United States*, 445 U.S. 684, 689 n. 4 (1980); *Pittman v. Chicago Bd. of Educ.*, 64 F.3d 1098, 1102 (7th Cir. 1995). And sovereign immunity principles prohibit federal courts from enjoining state officials under state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984). Beyond his argument about separation of powers, O'Grady's allegations relate solely to actions taken against him as a result of state court orders. Because O'Grady's claims arise directly from, or are inextricably related to, prior state-court rulings, his claims are barred by the *Rooker-Feldman*.

For nearly 20 years, O'Grady has sought to challenge state and county involvement in his divorce, child custody, and child support proceedings. He has been told repeatedly that lower federal courts cannot review state court orders and decisions involving family affairs and that he cannot challenge his child support obligations in federal court, but he continues to file federal lawsuits attempting to do so. This court will no longer consider any new cases, motions, or other documents filed by O'Grady relating to his state court divorce, child custody, or child

support cases. The court will deny without discussion any future motions relating to his state court cases and will dismiss immediately any new cases arising out of the state court actions. If O'Grady continues to file similar cases or motions, I will consider imposing broader filing sanctions against him.

ORDER

IT IS ORDERED that:

1. The claims brought by plaintiffs William Keefe, Bradley Schmitz, and Malia LaPorta are DISMISSED for failure to prosecute.

2. Plaintiff Michael O'Grady's proposed amended complaint is DISMISSED for lack of subject matter jurisdiction.

3. O'Grady is SANCTIONED as discussed in this opinion above.

4. The clerk of court is directed to close this case.

Entered March 12, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge