IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK A. CAMPBELL,
also known as NICOLE ROSE CAMPBELL,
and STEVEN MILLER,

                Plaintiffs,

    v.                                                               ORDER

SERGEANT BRUCE, ROBERT KRUEGER,                    17-cv-775-jdp
JASON ALDANA, STEVEN JOHNSON,
ROBIN DIEBOLD, PAUL KEMPER, CATHY JESS,
and CINDY O'DONNELL,

                Defendants.

---

      Pro se plaintiffs Steven Miller and Mark A. Campbell, who goes by Nicole Rose, are transgender women incarcerated at a male correctional facility, Racine Correctional Institution (RCI). They are proceeding on Eighth Amendment deliberative indifference claims and Fourteenth Amendment equal protection claims based on the defendants' alleged refusal to provide them with adequately private shower facilities. The parties' cross-motions for summary judgment are currently under advisement. Dkt. 29 and Dkt. 42. There are two motions that I must address before completing work on the summary judgment decision.

      First, Campbell has filed a motion asking that the clerk of court provide her with printed copies of 53 documents from the docket in this case. Dkt. 64. The requested documents total 566 pages. At $.10 per page, these copies would cost Campbell $56.60. What's more, Campbell asks for duplicates and triplicates of many of the documents, which would bring the total number of requested pages to well over 1,000 and the associated cost to more than $100. Campbell asks that the court add the cost of those copies to the amount she still owes on her

filing fee, which she is paying off in installments. I will deny Campbell's motion. She needs to pay copying costs upfront.

Second, Campbell and Miller have filed a motion for leave to amend their motion for summary judgment in light of "new evidence . . . that was not available at the time both parties filed their cross-motions for summary judgment." Dkt. 65, at 3. Plaintiffs are referring to evidence of the Prison Rape Elimination Act (PREA) Facility Audit that took place at RCI on March 18 and 19, 2019, after summary judgment briefing was completed. In April, plaintiffs notified me that the PREA auditor had "determined that the shower stalls on the Kenosha/Milwaukee Units are not acceptable under the PREA Standards for transgender inmates," and asked for a stay of the case deadlines so they could conduct additional discovery. Dkt. 60, ¶ 2. I granted that motion and asked defendants to respond to the plaintiffs' assertions about the PREA audit. Dkt. 61. Defendants did so. Dkt. 62.

Plaintiffs have submitted their proposed amended summary judgment brief, amended proposed findings of fact, and additional declarations and exhibits. These proposed amended summary judgment materials are mostly identical to their original filings. *Compare* Dkt. 30 and Dkt. 31 *with* Dkt. 67 and Dkt. 68. The only relevant difference is that the amended filings repeatedly mention the March 2019 PREA audit. *See* Dkt. 67, at 4, 18, 19, 21, 26, 31, 32 and Dkt. 68, ¶ 115. Given the substantial similarity between the two versions of plaintiffs' briefs, it would not be efficient or productive to accept the amended motion, re-brief that motion, and delay the case still further. So I will grant plaintiffs' motion for leave to amend in part, and deny it in part. I will consider the limited portions of plaintiffs' proposed amended brief, the single new proposed finding of fact (Dkt. 68, ¶ 115), and the single exhibit (Dkt. 69-3) that relate to the March 2019 PREA audit as constituting plaintiffs' response to defendants'

submission about the audit. Defendants need not file a response. Between plaintiffs' initial audit-related filing (Dkt. 60), defendants' response to that filing (Dkt. 62 and Dkt. 63), and the portions of plaintiffs' materials discussed above, I consider the matter of the March 2019 PREA audit fully briefed.

ORDER

IT IS ORDERED that:

1. Plaintiff Campbell's motion requesting that copy costs be added to her outstanding filing fee balance, Dkt. 64, is DENIED.

2. Plaintiffs' motion or leave to amend their motion for summary judgment, Dkt. 65, is GRANTED in part and DENIED in part, as discussed above. The court will consider the portions of plaintiffs' amended submissions that address the March 2019 PREA audit as constituting a response to defendants' audit-related submissions, Dkt. 62 and Dkt. 63.

Entered August 20, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge